# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LONNIE LEE BANARK,

    Petitioner,

vs.

ADAMS, *et al.*,

    Respondents.

Case No. 2:15-cv-01826-JAD-NJK

**Order Denying Application for Pauper Status and Dismissing Case Without Prejudice to Filing of a New Petition**

[ECF 1, 2, 3, 4]

    This action is a *pro se* petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 by a Nevada state prisoner. The matter has not been properly commenced because petitioner submitted incomplete financial paperwork. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both an inmate-account statement for the past six months and a properly executed financial certificate. Mr. Banark has failed to submit an *in forma pauperis* application that provides the necessary financial information: he failed to include a copy of his inmate-account statement and failed to submit a financial certificate signed by an authorized prison or jail officer. These deficiencies in his Mr. Banark's application prevents the court from assessing (1) the regularity and amount of any incoming funds that Mr. Banark receives, and (2) the extent to which Mr. Banark is making discretionary expenditures that instead could be applied to payment of the filing fee.

    Due to these defects in Mr. Banark's submission, his pauper application is being denied and this petition is being dismissed without prejudice to Mr. Banark's ability to file a new petition in a new action with a complete pauper application with all required attachments. It does not appear from the papers that a dismissal without prejudice would result in a promptly-filed new petition being untimely.[1] Petitioner is reminded and cautioned that it remains his responsibility to correctly

---

[1] The court notes that the petition appears to be unexhausted. Petitioner admits on the face of the petition that he is still litigating his post-conviction habeas petition in the Nevada state courts. (ECF 2-1:2).

calculate the running of the federal limitation period as applied to his case, properly commence a timely-filed federal habeas action, and properly exhaust his claims in the state courts.

IT IS THEREFORE ORDERED that petitioner's application to proceed *in forma pauperis* **[ECF 2] is DENIED** and that **this action is DISMISSED WITHOUT PREJUDICE** to the filing of a new petition in a new action with a properly completed pauper application with all new and complete financial attachments. **Petitioner may file a new petition and *in forma pauperis* application in a new action, but he may not file any more documents in this case.**

IT IS FURTHER ORDERED that **all pending motions are DENIED** without prejudice.

IT IS FURTHER ORDERED that **a certificate of appealability is DENIED.** Reasonable jurists would not find the dismissal of the improperly-commenced action without prejudice to be debatable or wrong.

The Clerk of Court is directed to send petitioner two copies each of: (1) an application form to proceed *in forma pauperis* for incarcerated persons and (2) a noncapital Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that petitioner submitted in this action. The Clerk of the Court will close this case.

Dated this 5th day of October, 2015.

_____
Jennifer Dorsey
UNITED STATES DISTRICT JUDGE